IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 0 5 2008

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

| | |
|---|---|
| PALMYRA PARK HOSPITAL, INC., d/b/a PALMYRA MEDICAL CENTER, <br><br> PLAINTIFF, <br><br> vs. <br><br> PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.; PHOEBE PUTNEY HEALTH SYSTEM, INC.; AND HOSPITAL AUTHORITY OF ALBANY/ DOUGHERTY COUNTY, <br><br> DEFENDANTS. | CIVIL ACTION FILE NO.: 1:08-CV-000102-WLS* <br><br> *Action is pending in the United States District Court for the Middle District of Georgia <br><br> Miscellaneous Action No. 1 08-MI-0431 |

## BRIEF IN SUPPORT OF
## DEFENDANTS PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.'S AND PHOEBE PUTNEY HEALTH SYSTEM, INC.'S
## MOTION TO QUASH THIRD-PARTY SUBPOENAS

COME NOW Defendants, Phoebe Putney Memorial Hospital, Inc. ("PPMH") and Phoebe Putney Health System, Inc. ("PPHS") (collectively referred to as "Phoebe"), in the above styled case pending before the Middle District of Georgia ("Forum Court"), and respectfully submit this Brief in support of their Motion to Quash Third-Party Subpoenas issued by the Northern District of Georgia and served by Plaintiff, Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center

1

(hereinafter referred to as "Palmyra") on November 21, 2008, on Aetna Health Insurance Co.; Blue Cross Blue Shield Healthcare Plan of Georgia, Inc.; Cigna Healthcare of Georgia, Inc.; MillerCoors LLC; Millman, Inc.; The Procter & Gamble Paper Products Co. and United Healthcare of Georgia, Inc.

## I. **INTRODUCTION**

Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center ("Palmyra") filed a six-count complaint alleging conduct in violation of federal antitrust laws and related state laws on July 3, 2008 ("Complaint") in the Forum Court. On August 26, 2008, Phoebe and the Defendant Hospital Authority of Albany/Dougherty County ("Authority") filed their respective Motions to Dismiss the Complaint and accompanying supporting briefs pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim ("Motions to Dismiss"). In their Motions to Dismiss, Phoebe and the Authority have moved to dismiss Palmyra's Complaint in its entirety. These Motions remain pending, consequently, the Defendants have not answered the Complaint.

The parties held a conference on October 15, 2008 pursuant to Fed. R. Civ. P. 26(f) whereby the parties discussed, among other issues, the necessary steps to be taken to ensure the preservation of all potentially relevant documents. Phoebe and the Authority objected during the conference to any discovery commencing

before a ruling on their Motions to Dismiss. Part of the basis of Defendants' position is that this is an antitrust case between competitors. By their nature, antitrust suits necessitate extensive and complex discovery into the business practices of the parties over a period of time. Much of this information contains proprietary information and trade secrets, which is especially sensitive in a suit between competitors. For the same reasons, Phoebe and the Authority objected to proceeding with initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(C). Palmyra recognized these issues by proposing a draft Stipulated Protective Order, which the parties are in the process of negotiating.

Phoebe and the Authority subsequently filed in the Forum Court a Joint Motion to Stay Discovery and Initial Disclosures on October 29, 2008 ("Motion to Stay Discovery"). As a result of Phoebe's and the Authority's Motion to Stay Discovery, the Forum Court entered an Order on November 5, 2008, and expressly held that because of the dispute between the parties with regard to the commencement of discovery, the required discovery conference and filing of a proposed scheduling/discovery order should be postponed until the Motion to Stay Discovery was fully briefed and decided.

Subsequent to the November 5, 2008 Forum Court Order, on November 21, 2008, Palmyra issued and served subpoenas *duces tecum* on nine non-party companies seeking, among other things, production of managed care contracts and

3

other contracts and documents related to said contracts or negotiating said contracts with Phoebe, Palmyra, other companies and entities within a ten-state area as well as all hospitals in Georgia. Palmyra also requested some of these companies' strategies, business and marketing plans, analyses, and reports regarding hospital charges, market share and charge discounts. The subpoenas to Aetna Health Insurance Co., Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., Cigna Healthcare of Georgia, Inc., MillerCoors LLC, Milliman, Inc., The Procter & Gamble Paper Products Co. and United Healthcare of Georgia, Inc. were issued out of the Northern District of Georgia while the remaining two subpoenas to Cooper Tire & Rubber Co. and Kirk Rouse, Doherty, Duggan & Rouse Insurors, Inc. were issued out of the Middle District of Georgia. Finally, Palmyra served on the same day Interrogatories and Requests for Production of Documents on Defendant PPMH. Only later that same day did Palmyra file its Response in Opposition to Defendants' Motion to Stay Discovery. Defendants' Reply Brief in Support of their Motion to Stay Discovery is due on December 11, 2008. The Motion to Stay Discovery has not been fully briefed, the Forum Court has not ruled on the Motion nor has the Forum Court provided further guidance regarding the scheduling of a discovery conference and filing of a proposed scheduling/discovery order as indicated in the Forum Court's November 5, 2008 Order.

It is Phoebe's position that the Forum Court clearly intended to delay any discovery in this case until a ruling could be issued regarding the pending Motion to Stay Discovery. It is noteworthy that along with the subpoenas, Palmyra served on the nine non-parties a draft Stipulated Protective Order, which Palmyra represented it would abide by but which has not been approved by Defendants or entered by the Forum Court, was also provided to the nine non-parties on whom the subpoenas were served. This highly unusual procedure demonstrates Palmyra's full awareness of the highly sensitive nature of the material subpoenaed and its willingness to ignore the procedures that are typically in place to protect highly sensitive information in its effort to push forward with discovery in violation of the Forum Court's Order.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. THIS COURT SHOULD TRANSFER THIS MOTION TO THE FORUM COURT

This Court has the authority to transfer this Motion to Quash to be ruled upon by the Forum Court and should do so because of the Forum Court's familiarity with the case, the complexity of the underlying action, and in order to ensure consistency with the discovery rulings of the Forum Court. See Melder v. State Farm Mut. Auto Ins. Co., 2008 U.S. Dist. LEXIS 34118 *16 (N.D.Ga. April 25, 2008). Most importantly, resolution of this Motion involves the application,

interpretation and enforcement of the Forum Court's Order. This task is peculiarly within the proper sphere of the Forum Court. Otherwise, it places this Court in the position of regulating the discovery schedule of the Forum Court.

It is Phoebe's position that Palmyra's service of the nine subpoenas, seven of which were issued out of the Northern District, violates the Federal and Local Rules in the Forum Court as well as the letter and spirit of the Forum Court's November 5th Order. Under the rules, the Forum Court has the power to manage discovery in this case. Fed. R. Civ. P. 26 (d), Local Rule of the Middle District of Georgia 26 (a). Phoebe is filing in the Forum Court a Motion for Protective Order Regarding Plaintiff's Pending Discovery and Motion to Quash Third-Party Subpoenas to bring these violations to the attention of that court. These are matters on which this court should defer to the Forum Court so that the Forum Court can control the discovery schedule and proceedings in that court. It is Phoebe's position that the Forum Court's Order effectively stayed discovery, so that this court allowing the subpoenas to remain in force risks thwarting the Forum Court's intent with respect to proceedings in this case.

Therefore, Phoebe respectfully requests this Court to transfer jurisdiction to quash the subpoenas issued by this Court to the Forum Court. In the alternative, if this Court decides not to transfer jurisdiction to quash the subpoenas to the Forum

Court, Phoebe requests that the seven subpoenas issued from this Court be quashed for the reasons outlined below.

## B. IN THE ALTERNATIVE, THIS COURT SHOULD QUASH THE RULE 45 THIRD-PARTY SUBPOENAS

This Court has jurisdiction to quash subpoenas that are issued out of this Court. Fed. R. Civ. P. 45(c)(3)(A) & (B) (stating that on timely motion, the issuing court may quash or modify a subpoena). Defendant Phoebe has standing to move to quash the subpoenas, as it is "seeking to protect a personal privilege or right." See Melder, 2008 U.S. Dist. LEXIS 34118 *8 citing Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004). See also Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 555 n.3 (N.D.Ga. 2001) (holding that standing to challenge a subpoena exists when one alleges a "personal right or privilege with respect to the materials subpoenaed"). Subpoenas are a discovery mechanism by which parties obtain relevant material and are subject to rules governing discovery. See Wachovia Ins. Servs. v. Paddison, 2006 U.S. Dist. LEXIS 66463 (S.D. Ga. July 18, 2006) (holding that the scope of subpoenas are governed by the discovery rules under Rule 26); see also U.S. v. Santiago-Lugo, 904 F. Supp. 43 (D.P.R. 1995) (holding that Rule 45 intended to work in synchronization with the discovery rules).

As outlined in the Introduction, Palmyra's service of the nine subpoenas, seven of which were issued out of the Northern District, violates the Federal and Local Rules in the Forum Court as well as the letter and spirit of the Forum Court's November 5th Order. Pursuant to Local Rule of the Middle District of Georgia 26 (a), the court will order the parties to develop a proposed scheduling/discovery order or report and will describe the required contents and set a deadline for its filing after responsive pleadings are filed. The Forum Court's November 5, 2008 Order expressly suspended completion of this process. The Forum Court ordered specifically that the discovery conference and filing of the proposed scheduling/discovery order should be postponed until the Motion to Stay Discovery is fully briefed and decided. Thus, Defendant Phoebe has standing to challenge the subpoenas served by Palmyra based simply on the fact of their service outside of discovery.

In addition to the fact that the subpoenas were issued in violation of the discovery rules and the Forum Court's Order, Phoebe has a personal interest in the materials subpoenaed. Under Fed. R. Civ. P. 45 (c)(3)(A)(iii), this Court must grant a Motion to Quash because the subpoenas request contracts and other documents involving PPMH, its parents, affiliates, and agents, which represent highly proprietary information that should not be produced without a protective order in place as contemplated by Fed. R. Civ. P. 26(c)(1)(G).

There is no dispute as to the need for a protective order in this case. An antitrust case between competitors often leads to extensive discovery into the companies' proprietary business practices and financial relationships. All of the parties recognized the need in this case for a protective order in the event that discovery becomes necessary. Counsel for Palmyra supplied a draft Stipulated Protective Order to Phoebe and the Authority on October 23, 2008, which Phoebe and the Authority are still in the process of reviewing and revising. The parties have not conferred or agreed upon the final form of the Stipulated Protective Order, nor has the Court entered any such order. However, Palmyra adopted the unusual procedure of unilaterally serving its draft of the Stipulated Protective Order along with its third-party subpoenas in order to address confidentiality concerns the third-parties might have without first seeking to negotiate a final Stipulated Protective Order with the Defendants.

Plaintiff clearly acknowledged that a protective order would be necessary in this case due to the highly proprietary nature of the information sought when it submitted a draft of the Stipulated Protective Order with its third-party subpoenas. See Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc., 35 F. Supp. 2d 370, 372 (D. Del. 1998) (directing discovery to begin but ordering that the parties first draft a mutually acceptable protective order governing discovery). Plaintiff's service of the subpoenas with its draft Stipulated Protective Order, which has not been

entered by the Forum Court or agreed upon by the Defendants, has no legal effect and is further evidence of Plaintiff's flagrant attempt to circumvent the parameters and procedures of discovery set forth by the Federal and Local Rules of Civil Procedure as well as the Forum Court's November 5, 2008 Order. Instead of conferring in good faith with the Defendants to finalize a mutually acceptable protective order, Plaintiff prematurely served subpoenas with its own draft protective order.

Such disregard of Local and Federal Rules of Civil Procedure and the Forum Court's November 5, 2008 Order is further evidence of the Plaintiff's attempt to set the parameters of discovery as it sees fit. Plaintiff's attempt to dictate rather than adhere to the Forum Court's Order with regard to how discovery will proceed in this case must be stopped.

### III. CONCLUSION

For the foregoing reasons, Defendant Phoebe respectfully requests that this Court transfer this Motion to Quash to be ruled upon by the Forum Court. In the event that the Court declines to transfer this Motion to Quash to the Forum Court, Defendant Phoebe respectfully requests that this Court quash the subpoenas issued to Aetna Health Insurance Co.; Blue Cross Blue Shield Healthcare Plan of Georgia, Inc.; Cigna Healthcare of Georgia, Inc.; MillerCoors LLC; Millman, Inc.; The Procter & Gamble Paper Products Co. and United Healthcare of Georgia, Inc.

Finally, because this Motion is filed in direct connection with the Motion for Protective Order filed in the Forum Court, Defendant Phoebe requests its reasonable expenses and costs, including attorneys' fees, incurred in preparation of this Motion pursuant to Fed. R. Civ. P. 26 (c)(3). See Watson v. Montana, 2006 U.S. Dist. LEXIS 55206 *10 (D. Mont. 2006) (holding that where defense counsel was required to divert his attention to prepare the motion to quash, reasonable costs and attorney's fees were appropriate).

Respectfully submitted this 5th day of December, 2008.

_____
Karin A. Middleton
Georgia Bar No. 011235
Baudino Law Group, PLC
2547 LaFayette Plaza Drive, Suite E
Albany, GA 31707
Telephone: (229) 883-0051
Facsimile: (229) 888-6190
E-mail: middleton@baudino.com

_____ by KAM
Denise Cleveland-Leggett
Georgia Bar No. 445397
Baudino Law Group, PLC
400 Colony Square, Suite 2020
1201 Peachtree Street NE
Atlanta, GA 30361
Telephone: (404) 685-8199
Facsimile: (404) 685-8286
E-mail: leggett@baudino.com

_____
Kenneth B. Hodges III
Georgia Bar No. 359155
Baudino Law Group, PLC
400 Colony Square, Suite 2020
1201 Peachtree Street NE
Atlanta, GA 30361
Telephone: (404) 685-8199
Facsimile: (404) 685-8286
E-mail: hodges@baudino.com


ATTORNEYS FOR DEFENDANTS
PHOEBE PUTNEY MEMORIAL
HOSPITAL, INC. AND PHOEBE
PUTNEY HEALTH SYSTEM, INC.

## CERTIFICATION OF COMPLIANCE WITH L.R. 5.1C

Pursuant to L.R. 7.1, I, Karin A. Middleton, herby certify that this Brief has been prepared in Times New Roman, 14 point font in compliance with L.R. 5.1C.

Dated this 5th day of December, 2008.

*[signature]*

Karin A. Middleton
Georgia Bar No. 011235
Baudino Law Group, PLC
2547 LaFayette Plaza Drive, Suite E
Albany, GA  31707
Telephone: (229) 883-0051
Facsimile: (229) 888-6190
E-mail: middleton@baudino.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PALMYRA PARK HOSPITAL, INC., d/b/a PALMYRA MEDICAL CENTER, <br><br>PLAINTIFF, <br><br>vs. <br><br>PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.; PHOEBE PUTNEY HEALTH SYSTEM, INC.; AND HOSPITAL AUTHORITY OF ALBANY/ DOUGHERTY COUNTY, <br><br>DEFENDANTS. | CIVIL ACTION FILE NO.: 1:08-CV-000102-WLS* <br><br>*Action is pending in the United States District Court for the Middle District of Georgia <br><br>Miscellaneous Action No. _____ |

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2008 the foregoing pleading was served via regular first class mail to the following attorneys of record:

William H. Hedrick
127 North Westover Blvd.
Albany, GA 31707
Telephone: (229) 883-7463
Facsimile: (229) 434-1581
E-mail: williamhedrick@bellsouth.net

M. Russell Wofford, Jr.
King & Spalding, LLP
1180 Peachtree Street NE

Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
E-mail: rwofford@kslaw.com
Jeffrey S. Spigel
King & Spalding, LLP
1700 Pennsylvania Avenue NW, Suite 200
Washington, D.C. 20006-2706
Telephone: (202) 626-2626
Facsimile: (202) 626-3737

E-mail: jspigel@kslaw.com

Christine A. Hopkinson
1180 Peachtree Street NE

Edgar B. Wilkin, Jr.
Perry & Walters, LLP
P.O. Box 71209
Albany, GA 31708-1209
Telephone: (229) 439-4000
E-mail: ewilkin@perrywalters.com

John Passarelli
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
E-mail:
John.Passarelli@KutakRock.com

Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
E-mail: chopkinson@kslaw.com

James Sulentic
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
E-mail:
James.Sulentic@KutakRock.com

_/s/ Karin A. Middleton_
Karin A. Middleton
Georgia Bar No. 011235
Baudino Law Group, PLC
2547 LaFayette Plaza Drive, Suite E
Albany, GA 31707
Telephone: (229) 883-0051
Facsimile: (229) 888-6190
E-mail: middleton@baudino.com