IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| Palmyra Park Hospital, Inc., | ) | |
| d/b/a Palmyra Medical Center, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | File No. 1:08-mc-00002-WLS |
| | ) | |
| Phoebe Putney Memorial Hospital, Inc.; | ) | *related case* File No. 1:08-cv-00102-WLS |
| Phoebe Putney Health System, Inc.; and | ) | |
| Hospital Authority of Albany/ | ) | |
| Dougherty County, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF PALMYRA MEDICAL CENTER'S OPPOSITION
TO BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF
<u>GEORGIA, INC.'S MOTION TO QUASH SUBPOENA</u>**

This Court should deny Blue Cross Blue Shield Healthcare Plan of Georgia, Inc.'s ("BCBSGA") motion to quash for the same reasons it should deny Defendants' similar motions: service of the subpoena did not violate the federal rules, the local rules, or this Court's November 5, 2008 Order; and a routine protective order, a draft of which Palmyra has already provided to BCBSGA, addresses all of the confidentiality concerns that BCBSGA has raised.

In addition to the arguments already advanced by the Defendants,[1] BCBSGA argues in its motion that the subpoena should be quashed because it seeks confidential documents. BCBSGA Brief at 8. BCBSGA offers no explanation, however, for why a protective order allowing parties to limit the disclosure of confidential documents to outside counsel fails to address BCBSGA's confidentiality concerns. BCBSGA also fails to cite any authority suggesting that a third party

---

[1] Palmyra's opposition to Defendants' motions for a protective order (Doc. 34, 1:08-cv-00102-WLS) covers many of the points also raised by BCBSGA. Palmyra incorporates that opposition here.

can withhold relevant, non-privileged documents protected from unnecessary disclosure by a court order.  Because BCBSGA provides this Court with no basis to frustrate the discovery of relevant evidence in this case, the Court should deny its motion.

## Argument and Citation of Authorities

BCBSGA argues that, as required by Federal Rules 26 and 45, the Court should balance the relevance and confidentiality of the requested documents, the potential harm from disclosure, and the requesting party's need for the documents.  BCBSGA Brief at 8-9 (citing Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus., Inc., No. 1:05-MC-107, 2005 WL 2571943, *1-2 (W.D. Mich. Oct. 12, 2005) (attached as Exhibit 1)).  That balance, BCBSGA continues, obligates the Court to quash Palmyra's subpoenas.  Id. at 9.

For good reason, BCBSGA has not argued that the documents Palmyra seeks are irrelevant, or that Palmyra does not need them.  Palmyra alleges that certain contracts between Phoebe Putney and BCBSGA have excluded Palmyra from the market and harmed competition.  Complaint, ¶¶ 3, 44, 52, 54-55, 63, 67-68.  The requested documents, which concern the negotiation and development of those exclusive contracts, therefore relate directly to the claims in the Complaint.  See Exh. B to BCBSGA's motion.  BCBSGA thus concedes the relevance of, and Palmyra's need for, the documents.

BCBSGA's inability to dispute the relevance of or need for the documents thus distinguishes the court's decision in Spartanburg to quash the third-party subpoenas.  There the antitrust claim involved alleged market power in hospital beds, which the third party did not make.  2005 WL 2571943 at *1.  For this reason, the court concluded that "[t]hese documents are not relevant to the underlying suit and are not needed by Defendants."  Id.

Rather than denying the relevance and need for the documents requested here, BCBSGA asserts that the documents' confidentiality, and the potential harm from their disclosure, outweigh their admitted importance to this case.  BCBSGA Brief at 8.  As recognized by one of the few cases BCBSGA cites, however, a protective order of the kind already proposed by Palmyra "ensure[s] that the confidential nature of the data was not threatened."  Klay v. All Defendants, 425 F.3d 977, 985-86 (11th Cir. 2005) (affirming order that defendants need not pay license fee for data produced in response to subpoena, because protective order protected the confidentiality, and thus the value, of the data produced) (cited in BCBSGA Brief at 8).  See also Sizemore v. Chase Mortgage Holdings, Inc., No. 4:06-CV-149 (WLS), 2008 WL 838819, *1 (M.D. Ga. Mar. 28, 2008) (granting joint motion for protective order to govern confidential information disclosed during discovery) (copy attached as Exhibit 2); MANUAL FOR COMPLEX LITIGATION (Fourth) § 11.432 (2004).[2]  As these authorities demonstrate, Palmyra's proposed protective order answers any concerns about the documents' confidentiality.

## Conclusion

The balancing advocated by BCBSGA overwhelmingly favors production in this case under an appropriate protective order.  The Court should therefore deny BCBSGA's motion.

---

[2] The court in Spartanburg, located in the Western District of Michigan, discounted the protection offered by a protective order primarily because "it would be difficult to enforce as to a distant tribunal," South Carolina.  2005 WL 2571943 at *2.  The same concern does not apply here.

3

Dated this 12th day of January, 2009.

        Respectfully submitted,

        */s/ William H. Hedrick*
        William H. Hedrick
        Georgia Bar No. 343250
        127 North Westover Boulevard
        Albany, Georgia 31707
        (229) 883-7463
        (229) 434-1581 (fax)

        */s/ Christine A. Hopkinson*
        M. Russell Wofford, Jr.
        Georgia Bar No. 773002
        Christine A. Hopkinson
        Georgia Bar No. 142106
        KING & SPALDING LLP
        1180 Peachtree Street, N.E.
        Atlanta, Georgia  30309-3521
        (404) 572-4600
        (404) 572-5100 (fax)
        email of filer: chopkinson@kslaw.com

        *Attorneys for Palmyra Park Hospital, Inc., d/b/a Palmyra Medical Center*

        **OF COUNSEL:**

        Jeffrey S. Spigel
        KING & SPALDING LLP
        1700 Pennsylvania Ave. NW, Suite 200
        Washington, D.C. 20006-2706
        (202) 737-0500
        (202) 626-3737 (fax)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | |
|---|---|
| **Palmyra Park Hospital, Inc.,** ) <br> **d/b/a Palmyra Medical Center,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **Phoebe Putney Memorial Hospital, Inc.;** ) <br> **Phoebe Putney Health System, Inc.; and** ) <br> **Hospital Authority of Albany/** ) <br> **Dougherty County,** ) <br> ) <br> **Defendants.** ) | **File No. 1:08-mc-00002-WLS** <br><br> *related case* **File No. 1:08-cv-00102-WLS** |

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2009, I electronically filed **PLAINTIFF PALMYRA MEDICAL CENTER'S OPPOSITION TO BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA, INC.'S MOTION TO QUASH SUBPOENA** with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following:

Karin A. Middleton
BAUDINO LAW GROUP, PLC
2547 LaFayette Plaza Drive, Suite E
Albany, Georgia  31707
middleton@baudino.com

Denise Cleveland-Leggett
BAUDINO LAW GROUP, PLC
1201 Peachtree Street, N.E., Ste. 2020
Atlanta, Georgia  30361
leggett@baudino.com

*Attorneys for Phoebe Putney Memorial Hospital, Inc. and Phoebe Putney Hospital System, Inc.*

Mark Howard Cohen
TROUTMAN SANDERS LLP
600 Peachtree St., N.E., Ste. 5200
Atlanta, Georgia  30308-2216
mark.cohen@troutmansanders.com

*Attorney for Non-Party Blue Cross Blue Shield Healthcare Plan of Georgia, Inc.*

I also certify that I have mailed by United States Postal Service the brief and a copy of the Notice of Electronic Filing to the following:

| | |
|---|---|
| Kenneth Bryant Hodges, III<br>Amy McCollough<br>BAUDINO LAW GROUP, PLC<br>1201 Peachtree Street, N.E., Ste. 2020<br>Atlanta, Georgia  30361<br>hodges@baudino.com<br>mccullough@baudino.com | Edgar Baughn Wilkin, Jr.<br>PERRY & WALTERS, L.L.P.<br>212 N. Westover Boulevard<br>Albany, Georgia  31708-1209<br>ewilkin@perrywalters.com |
| David J. Darrell<br>Ralph Walker<br>Jan D. Gibson<br>BAUDINO LAW GROUP, PLC<br>2600 Grand Avenue, Suite 300<br>Des Moines, Iowa  50312<br>darrell@baudino.com<br>walker@baudino.com<br>gibson@baudino.com | James Sulentic<br>John Passarelli<br>KUTAK ROCK LLP<br>1650 Farnam Street<br>Omaha, Nebraska  68102<br>james.sulentic@kutakrock.com<br>john.passarelli@kutakrock.com |
| *Attorneys for Phoebe Putney Memorial Hospital, Inc. and Phoebe Putney Hospital System, Inc.* | *Attorneys for the Hospital Authority of Albany/Dougherty County* |

Respectfully submitted,

*s/ Christine A. Hopkinson*
Christine A. Hopkinson
Georgia Bar No. 142106

*Attorney for Plaintiff Palmyra Park Hospital, Inc., d/b/a Palmyra Medical Center*

KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309-3521
(404) 572-3560
(404) 572-5100 (fax)
email: chopkinson@kslaw.com